UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

KENNETH DESHOTEL :
DOROTHY DESHOTEL : Case No. _____

# CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $ 224.77 bi-weekly.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The month payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | PAYMENT AMOUNT | MONTH OF FIRST PAYMENT UNDER PLAN |
|---|---|---|
|  |  |  |
|  |  |  |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Wells Fargo | $50 |
| Title Max | $25 |
| Farmer's Furniture | $20 |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 years of filing. See Section 1325(a).

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| Wells Fargo | $17254 | $12025 | *5% | 2005 Toyota Tacoma | $336 |
| Title Max | $2217 | $5075 | *5% | 2000 Dodge Dakota | $44 |
|  |  |  | *5% |  |  |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| Farmer's Furniture | $1800 | $1000 | *6% | Furniture | $20 |
|  |  |  | *6% |  |  |
|  |  |  | *6% |  |  |

(f) *Attorney fees ordered pursuant to 11U.S.C. Section 507(a)(2) of $2,500.00 to be paid as follows:

| Pursuant to the Administrative Order of January 20, 2011 | pay according to the administrative order |
|---|---|

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
|  |  |  | *6% |  |

(h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
|  |  |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will/will not be made simultaneously with payment of the secured debt to the extend funds are available and will include interest at the rate of ___%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| None |  |

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt:

(k) All other 11 U.S.C. §507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts: Cochran Bank & Trust

(m) Special provisions: Upon discharge, all non-purchase money, non-possessory liens and/or judicial liens in, on, or against any and all property of the bankruptcy estate held by the following listed creditors shall be avoided pursuant to 11 U.S.C. Section 522(f), and shall be canceled by the creditors holding such liens within a reasonable time after receipt of notice of discharge. This provision applied to the following creditors:
Titles to property securing debts referenced in sub-paragraph (e) are to be released and surrendered with liens canceled and satisfied upon discharge if lower of value indicated herein or amount due according to claims duly proven and allowed, plus interest as shown herein, is paid in full. This provision applies to the following creditors, Wells Fargo, Title Max
***Concerning interest to be paid on secured claims pursuant to Paragraph 2(c) of the debtor's plan, if the contract rate of interest is less than 6.00%, then the contract rate shall apply.**

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the

highest of the three)

       (i) Debtor will pay all of his disposable income as shown on Form B22C of $_____ to the nonpriority unsecured creditors in order to be eligible for a discharge.

       (ii) If the Debtor file a Chapter 7 case, the unsecured creditors would receive $_____. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge.

       (iii) The debtor will pay $___0_____ to the general unsecured creditors to be distributed pro rata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

       (a) _0_ % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

       (b) The debtor(s) will make payments for ____ months and anticipates a dividend of _____%, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii_) or (n)(iii) above.

Date: 02/03/2011

*/s/ Kenneth Deshotel*
Debtor – Kenneth Deshotel

*/s/ Dorothy Deshotel*
Debtor- Dorothy Deshotel